UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 5:06CR54-BR |
| ) | |
| JEREMY DAGAN JAYNES ) | |
| | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 5:07CR3-BR |
| ) | |
| HOWELL WAY WOLTZ ) | |

ORDER

**THIS MATTER** is before the Court on the government's motion for final order and judgment confirming forfeiture of approximately $1.48 million of preliminary forfeited assets in a Bank of America-Merril Lynch Account previously held in the name of Sterling Trust, Ltd., in each of the above-captioned cases. (Case No. 5:06CR54-BR, Doc. No. 84; Case No. 5:07CR3-BR, Doc. No. 36). Defendant Jeremy Jaynes ("Janyes") did not file a response to the motion. Defendant Howell Woltz ("Woltz") did not file a direct response to the motion, but filed a response to the notice of forfeiture requesting the court to suspend the forfeiture proceedings pending the resolution of his petition for a writ of habeas corpus in the Middle District of North Carolina. (Case No. 5:07CR3-BR, Doc. No. 33 at Page 5).

By way of pertinent background, Jaynes pled guilty to conducting a penny stock "pump-and-dump" securities fraud scheme and Woltz pled guilty to conspiracy to launder the proceeds of the scheme. (Case No. 5:06CR54, Doc Nos. 3, 18; Case No. 3:06CR74, Doc. Nos. 165, 169; Case No. 5:07CR3). As part of his plea, Woltz agreed that he used Sterling Trust and other Sterling entities, as well as related entity Pacific Trust, to commit offenses and to receive

and launder fraud proceeds. (Case No. 3:06CR74, Doc. No. 165, Pages 12, 15, 18-21). Woltz also agreed to forfeiture of certain items. When this Court sentenced Jaynes and Woltz, it ordered the forfeiture of the following assets, that were either identified in the Consent Order and Judgment of Forfeiture (Case No. 5:06CR54, Doc. No. 38) signed by Jaynes or identified for forfeiture in Woltz's Plea Agreement (Case No. 3:06CR74, Doc. No. 165 at Page 22):

The following property forfeited in paragraph (f) of the Consent Order and Judgment of Forfeiture (Case No. 5:06CR54, Doc. No. 38 at Page 3) in <u>United States v. Jeremy Dagan Jaynes</u>:
"(f) an interest in Pacific Trust and Pacific Testamentary Trust, including assets formerly or currently held by those trusts, as follows [ . . . ]

> Merrill Lynch account no. xxx-x7F53 in the name of Sterling Trust Ltd. in the amount of approximately $800,000 plus interest earned thereon since February 10, 2005."

The following property forfeited in the Judgment in a Criminal Case (Case No. 5:07CR3, Doc. No. 16 at Page 5) in <u>United States v. Howell Way Woltz</u>, which orders forfeited the following assets, among others, set forth in Exhibit 2 of the Plea Agreement (Case No. 3:06CR74, Doc. No. 165 at Page 22):

"2.   The sum of $50,000 held for Sterling Trust Ltd. at Merrill Lynch International;"

"6.   Equity interest in Sterling Trust Ltd.;"

"7.   Equity interest in Sterling ACS Ltd.;" and

"8.   Equity interest in Sterling Precious Metals Ltd."

These assets were never located or pursued for final forfeiture. However, in recent months, Bank of America-Merrill Lynch ("BOA-ML") contacted law enforcement regarding this case. Upon further investigation by the government, including the issuance of a subpoena to BOA-ML, as authorized by this Court (Case No. 5:06CR54, Doc. No. 81), and review of account documents, law enforcement discovered an account at BOA-ML in the name of Steward Trust. Law enforcement also obtained documentation from BOA-ML that Steward Trust is

another name for Sterling Trust, the entity mentioned in the forfeiture assets above. Woltz had changed the name in December 2005. The newly discovered assets total approximately $1.48 million. Law enforcement concluded that the BOA-ML assets constitute or are derived from deposits of proceeds of the securities fraud scheme into one or more accounts of Sterling Trust, and thus, subject to preliminary forfeiture. Now, the government moves for issuance of a final order and judgment confirming forfeiture.

Accordingly, from September 29, 2016, through October 28, 2016, pursuant to Federal Rule of Criminal Procedure 32.2(b)(6), the government published by internet publication, notice of this forfeiture and of the intent of the government to dispose of the forfeited property in accordance with the law, and further notifying all third parties of their right to petition the Court within thirty days for a hearing to adjudicate the validity of any alleged legal interest in the property. In addition, the government has represented that it has served or attempted to serve notice on each "person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A). In particular, the government has submitted documents showing actual service of notice on Jaynes, Woltz, and Samuel Thomas Currin, through officers or agents in the United States, and attempted notice by Federal Express to those entities at addresses in the Bahamas and Anguilla, B.W.I., respectively.

Woltz objects to the forfeiture proceedings. Woltz requests this Court suspend forfeiture proceedings until the Middle District of North Carolina and/or the Fourth Circuit decides his writ of habeas corpus.[1] The Court has done so. On March 30, 2018, the Middle District dismissed

---

[1] In his habeas petition, Woltz alleged that the undersigned lacked jurisdiction over his Western District Case under 28 U.S.C. 292(b). (Case No. 5:07CR3, Doc. No. 33-1, at Page 6). Given this alleged lack of jurisdiction, Woltz argued that the undersigned's orders are void and his conviction should be set aside. (Id.). Woltz alleges this includes the instant assets described in the Notice of Forfeiture. (Case No. 5:07CR3, Doc. No. 33, at

3

Woltz's habeas petition under section 2241 because Woltz is no longer in custody. (Case No. 5:15CV82, Doc. No. 21). Further, this Court has considered Woltz's challenges to the jurisdiction of his case previously, and finds no reason to disturb its prior rulings. (Case No. 3:06CR74, Doc. Nos. 313, 319).

It appears from the record that no petitions have been filed. Accordingly, the government's motion for final order and judgment confirming forfeiture is ALLOWED. It is therefore ORDERED:

All right, title, and interest in the following property has therefore been forfeited to the United States for disposition according to law:

The following property forfeited in paragraph (f) of the Consent Order and Judgment of Forfeiture (Case No. 5:06CR54, Doc. No. 38 at Page 3) in United States v. Jeremy Dagan Jaynes:

"(f) an interest in Pacific Trust and Pacific Testamentary Trust, including assets formerly or currently held by those trusts, as follows [ . . . ]

Merrill Lynch account no. xxx-x7F53 in the name of Sterling Trust Ltd. in the amount of approximately $800,000 plus interest earned thereon since February 10, 2005."

The following property forfeited in the Judgment in a Criminal Case (Case No. 5:07CR3, Doc. No. 16 at Page 5) in United States v. Howell Way Woltz, which orders forfeited the following assets, among others, set forth in Exhibit 2 of the Plea Agreement (Case No. 3:06CR74, Doc. No. 165 at Page 22):

"2. The sum of $50,000 held for Sterling Trust Ltd. at Merrill Lynch International;"

"6. Equity interest in Sterling Trust Ltd.;"

"7. Equity interest in Sterling ACS Ltd.;¨ and

"8. Equity interest in Sterling Precious Metals Ltd.¨

---

Page 3).

Further, the Federal Bureau of Investigation and/or United States Marshals Service is directed to serve a copy of this Order on Bank of America-Merrill Lynch, and Bank of America-Merrill Lynch is hereby ORDERED to, as directed by the United States and on the time-frame set forth by the United States, liquidate the assets in the following accounts, in the name of Steward Trust, Ltd., and turn-over all such assets to the United States: Bank of America-Merrill Lynch Account XXX-X7F53, including three sub-accounts (XXX-X7H35, XXX-X7R76, XXXX653M).

    This 23 May 2018.

                                                W. Earl Britt
                                                Senior U.S. District Judge